**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ESTATE OF MARCELLUS BRISCOE, DECEASED; DOROTHY HINDMAN, KIMBERLY SHERLAE HOUSTON, JAMES BRISCOE, *Plaintiffs* | § § § § § § | SA-21-CV-00502-XR |
| -vs- | § § | |
| FCA US LLC, BROADWAY LONE STAR LTD., ROBERT BOSCH LLC, CONTINENTAL AUTOMOTIVE SYSTEMS, INC., WEST LOOP MITSUBISHI, INC., CHRYSLER GROUP, LLC, *Defendants* | § § § § § § § § | |

**ORDER**

On this day, the Court considered Plaintiffs' motion to remand (ECF No. 15) and motion for leave to file a First Amended Complaint (ECF No. 14). The Court also reviewed the responses filed by FCA US LLC (ECF Nos. 17 and 18) and Continental Automotive Systems, Inc. (ECF Nos. 19 and 20), as well as Plaintiffs' replies (ECF Nos. 21, 22, 25, and 26). After careful consideration, the Court issues the following Order.

**BACKGROUND**

This case arises out of a car accident that killed Marcellus Briscoe. According to the petition, in the early morning of May 5, 2019, Marcellus Briscoe ("Decedent") was traveling northwest on Interstate Highway 10 in San Antonio, Texas in his 2015 Chrysler 300 (the "Vehicle"). ECF No. 1-3 ¶ 16. His Vehicle unexpectedly experienced a cruise control malfunction, which caused Decedent to lose the ability to engage the break or steer. As a result, the Vehicle veered off the road and crashed into a ditch. *Id.* The Vehicle sustained roof crush damage, resulting

in severe injuries to Decedent's head and chest. Marcellus Briscoe died several hours later, after being transported to the hospital. *Id.*

On April 13, 2021, Plaintiffs filed suit in Bexar County District Court against Defendants, asserting claims for wrongful death, negligence, deceptive trade practices, and strict products liability. They allege that between July 23, 2015 and January of 2019, Defendant Chrysler issued recalls for three components present on the Vehicle: the airbags, the vehicle computer system and software, and unspecified components causing "undesired vehicle behavior(s)." *Id*. ¶¶ 18–20. In particular, Plaintiffs allege that Defendant Chrysler manufactured the Vehicle with a defective Powertrain Control Module that had the potential to cause the driver to lose control under normal circumstances. *Id.* ¶ 40. Plaintiffs claim that Defendant Continental Automotive Systems, Inc. ("Continental") manufactured some of the parts or components in the vehicle that malfunctioned and caused the crash. *Id.* ¶ 6.

Plaintiffs claim that Defendant Robert Bosch, LLC ("Bosch") manufactured the computer components that regulate cruise control, braking, and related mechanisms that were defective, and Bosch knew or should have known this, and failed to disclose it. ECF No. 1-3 ¶ 12. Plaintiffs allege that Broadway Lonestar LTD ("Broadway") performed repairs on the vehicle and knew or should have known about the defective component. *Id*. ¶ 11. Rather than warning Decedent or correcting him Broadway told him that the vehicle "drove OK" *See* ECF Nos. 1-3, 1-5. Their failure to correct the defects or inform Decedent resulted in him believing the vehicle was safe to drive. Plaintiffs allege that West Loop Mitsubishi sold the Vehicle to Decedent and conducted a used car inspection on the vehicle beforehand that should have revealed the defect and that he should have been made aware of it. Plaintiffs argue that the various Defendants either manufactured, repaired, inspected, or sold the vehicle to Decedent.

On May 26, 2021, Defendant FCA US, LLC removed the case to this Court on the basis of diversity jurisdiction. Although Defendants West Loop Mitsubishi and Broadway Lonestar LTD a/k/a North Star Chrysler Dodge Jeep are not diverse, FCA alleges they are improperly joined such that their citizenship can be disregarded. On June 24, 2021, Plaintiffs moved to remand and sought leave to file an Amended Complaint. ECF Nos. 14, 15.

## DISCUSSION

### I. Legal Standard

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir. 2011). If a non-diverse defendant is found to be improperly joined, the non-diverse defendant may be disregarded for diversity jurisdiction purposes and dismissed from the action, leaving the court with proper jurisdiction over the remaining parties. *Flagg v. Stryker Corp.,* 819 F.3d 132, 136 (5th Cir. 2016). The removing party is required to establish both federal jurisdiction and the elements needed for a claim of improper joinder. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2000)).

### II. Analysis

#### a. Improper Joinder

Both Broadway and West Loop Mitsubishi are incorporated in Texas and have their principal places of business within this state. At issue is whether Defendants Broadway Lonestar LTD, the repair shop that allegedly performed service on the Vehicle, and West Loop Mitsubishi,

3

the dealership that sold the Vehicle to the Decedent, are improperly joined, as Defendants FCA and Continental argue. There does not appear to be any contention that Plaintiffs' pleadings of jurisdictional fact were fraudulent. Therefore, the Court considers whether Plaintiffs are able to establish a cause of action against the in-state Defendants.

The Court's duty at this stage is to determine whether a "reasonable basis of recovery under state law" exists against West Loop Mitsubishi and Broadway. *Smallwood*, 385 F.3d at 573. "Courts in the Fifth Circuit apply a '12(b)(6)-type analysis to determine whether a plaintiff has a reasonable basis of recovery. If a plaintiff has not stated a claim for relief against a non-diverse defendant, then that defendant was improperly joined, and the court may disregard their citizenship." *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co*., No. SA-19-CV-00773-XR, 2019 WL 6131455, at *2 (W.D. Tex. Nov. 18, 2019) (citing *Smallwood*, 385 F.3d at 573; *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018)). Note that, as in a 12(b)(6) motion, it is not for this Court to weigh the evidence or the likelihood of the plaintiffs' success beyond a reasonable likelihood. So long as there is an adequate *prima facie* showing on even one of the claims against the Defendants, then this Court is obligated to remand this case to state court. Thus, whether Plaintiffs have a reasonable basis of recovery against Broadway and West Loop Mitsubishi turns whether Plaintiffs have pled plausible claims for relief against these Defendants.

Defendants FCA and Continental argue that Plaintiffs' recovery against the in-state Defendants is prohibited by § 82.003 of the Texas Civil Practice and Remedies Code, which governs liability for nonmanufacturing sellers in strict products liability cases. ECF Nos. 18 at 7, 19 at 6. Under § 82.003, "a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of seven conditions. *See* TEX. CIV. PRAC. & REM. CODE § 82.003. Section 82.003 applies to all "products liability actions" and

4

"products liability action" means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories. Defendants assert that because Plaintiffs failed to explicitly invoke one of the seven enumerated exceptions that give rise to nonmanufacturer liability, Plaintiffs have no case against Broadway and West Loop Mitsubishi.

As relevant here, a nonmanufacturing seller may be held liable if the plaintiff proves "(5) that: (A) the seller made an express factual representation about an aspect of the product; (B) the representation was incorrect; (C) the claimant relied on the representation in obtaining or using the product; and (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm. TEX. CIV. PRAC. & REM. CODE § 82.003(a)(5).

Plaintiffs argue that this fifth exception is applicable They claim in their original petition that West Loop Mitsubishi and Broadway (along with the other three Defendants in the case) knew or should have known that the Vehicle was unreasonably unsafe and misrepresented to Decedent that the Vehicle was safe to operate. ECF No. 15 at 4–5. Plaintiffs assert that West Loop sold the Vehicle and "[a]n express warranty accompanied the sale of the subject vehicle, representing functioning cruise control. *Id*. at 4 (citing Exhibit H (Vehicle's Window Sticker)). Plaintiffs further assert that although Broadway did not sell the Vehicle to Decedent, but "performed analysis, diagnostics, maintenance, repair, and inspection on the subject vehicle's . . . components relevant to the vehicle's malfunction." *Id.* at 2. Plaintiffs dispute that Broadway is a seller entitled to

5

protection under § 82.003 and argue that it is liable for its negligence relating to performance of those services. *Id*. at 5–6 (citing Exhibit C (Broadway Invoice)).

In response to Plaintiffs Motion to Remand, Defendants argue that these allegations have not been pled specifically enough to survive a 12(b)(6)-style analysis and that Plaintiffs should not be permitted to amend their complaint to rectify these issues. ECF No. 19 at 6. Defendants argue that Plaintiffs have not explicitly alleged an exception under § 82.003 nor supported their allegations against West Loop with sufficient facts. They likewise assert that Plaintiffs have no claim against Broadway because Broadway can be considered a seller under the Texas Civil Practice and Remedies Code, and Plaintiffs failed to invoke any of the exceptions as to it. ECF No. 19 at 11.

When conducting a 12(b)(6) analysis, courts are not permitted to weigh the value of the evidence on offer, but must view all evidence in the light most favorable to the plaintiff. Plaintiffs have made sufficient allegations to establish a plausible claim.

Because the Court finds that Plaintiffs have sufficiently alleged causes of action against the in-state Defendants, the diversity of citizenship requirement of 28 U.S.C. § 1332 is not satisfied. The Court therefore has no subject matter jurisdiction over this case. Accordingly, this case should be remanded to state court.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Remand (ECF No. 15) is **GRANTED**. ECF No. 15. This case is therefore **REMANDED** pursuant to 28 U.S.C. § 1447(c), (d) for lack of subject matter jurisdiction.

It is so ORDERED.

SIGNED this 3rd day of August, 2021.

_____
Xavier Rodriguez
United States District Judge